GEORGE D. HILL, Plaintiff in Error,

*v.*

THE TERRITORY OF WASHINGTON, *ex rel.* Elwood Evans, Prosecuting Attorney, etc., Defendant in Error.

A retired officer of the United States Army belongs to the army, within the contemplation of Section 1860 of the Revised Statutes of the United States, and is thereby disqualified from holding a civil office in Washington Territory.

Information in the name of the Territory of Washington is the proper method of ousting one thus unlawfully holding civil office under the laws of the Territory.

An act of Congress relating to this Territory is as much a law of the Territory as if enacted by the Territorial Legislature.

The election of a person to office in this Territory, who, by reason of belonging to the army of the United States, at the time of his election, was ineligible thereto, is not rendered valid by a repeal of the statute so disqualifying him.

Section 1222 of the Revised Statutes of the United States, prohibiting all officers on the active list from holding civil office, does not repeal that part of Section 1860 which forbids officers on the retired list from holding civil office in the Territories.

Officers on the retired list are, by Section 1094 of the Revised Statutes of the United States, expressly declared a constituent part of the army; and such has been the construction of the statute by the Supreme Court, in the case of *United States* v. *Tyler.*

ERROR, to the Third Judicial District, holding terms at Seattle.

Captain George D. Hill, plaintiff in error, was, prior to December, 1870, an officer in the regular army of the United States, at which time he was placed on the retired list, with the rank of captain.

Subsequently, he was for a number of terms elected Treasurer of King County, in Washington Territory.

He was reëlected at the general November election of 1880, and entered upon the duties of the office under this election.

In the course of proceedings in the District Court at Seattle, it being publicly brought to the Court's attention that Captain Hill was holding this office in alleged violation of Section 1860 of the Revised Statutes of the United States, the Honorable Elwood Evans, Prosecuting Attorney for the Third Judicial District, was directed to file an information in the name of the Territory, contesting his right to the office for the foregoing reasons.

A demurrer was interposed to the information, because of want of jurisdiction of the Court over the subject matter ; because of want of capacity on the part of the Territory to maintain the proceedings by the Prosecuting Attorney ; and especially because of an insufficiency of facts.

From a decision of the Court overruling the demurrer, the cause was brought into this Court.

*J. R. Lewis,* for Plaintiff in error.

The first congressional legislation on this subject, was the Act of March, 1853, providing that "no person belonging to the Army  *  *  *  shall be elected to or hold any civil office within the Territory."

This was at a time when our population was small.

The next legislation was in 1861, after the retired list had been created, and officers belonging to it were subject to be assigned to such duties as the President deemed them able to perform.    (Act August 3d, 1861, Sec. 25.)

The next national legislation, in 1870, was to relieve retired officers from every kind of duty. (Statutes U. S., Vol. 16, p. 16.)

In such status they could not be considered a part of the army.    By the Act of Congress, July 15th, 1870, it was enacted " that it shall not be lawful for any officer of the army  *  *  *  on the *active* list to hold any civil office. (Statutes U. S., Vol. 16, p. 319, Sec. 18.)    This statute being general, excluded but the one class.

*Expressio unius est exclusio alterius.*

These several provisions were embodied in the Revised Statutes of the United States, Secs. 1243 to 1260, inclusive.

The Code of Washington Territory expressly admits his qualifications to office.    (Code of Wash. Ter., 1881, Sec. 3050.)

This act is constitutional.    (*Seffenbill* v. *Giffard*, 23 Iowa, 576 ; *Duncombe* v. *Prindle*, 12 Iowa, 1 ; *Morrison* v. *Springer*, 15 Ib. 304.)

*Elwood Evans*, Prosecuting Attorney, for Defendant in error.

Information filed under Sections 702 and 703, Code of Wash., 1881.

Office defined, including therein a public civil office.    (Abbot's Law Dictionary, Vol. 1, pp. 200, 201, 1–5 ; Wait's Actions and Defences, Vol. 5, p. 1, *et seq.*; *People ex rel. etc.* v. *Woodbury*, 14 Cal. 46 ; *Miller* v. *Board of Supervisors, Sacramento*, 25 Cal. 99 ; *People ex rel.* v. *Stratton*, 28 Cal. 382.)

Plaintiff in error being a captain of the United States Army, on the retired list, belongs to the army.    (Sec. 1854, U. S. Revised Statutes ; Sub-Div. 4, Sec. 1860, Id.; Sec. 3050, Code of Washington, conforming to above ; an inhibition as old as the Territory, in its organic act, March 2, 1853 ; U. S. Stats. at large, Vol. 10, p. 174 ; Constituents of U. S. Army, Sec. 1094, Rev. Stats. U. S.)

Sections 1860 and 1222 are not inconsistent ; both may stand and express the legislative will.

Trying the title to an office is one of the most ancient incidents of common law jurisdiction.

Opinion by HOYT, Associate Justice.

By the pleadings in this cause, it was admitted that the plaintiff in error, the defendant below, was declared elected to the office of Treasurer of King County in November, 1880, and that in pursuance of such declaration, he entered into and took possession of said office, and entered upon the discharge of the duties thereof, and that he is still so in possession of said office.

It was also admitted that at the time of said election said defendant was, and still is, an officer upon the retired list of the United States Army.    And the question decided below, and to be decided here, is, as to whether, under the facts so admitted, judgment of *ouster* should be entered against said defendant.

Upon the argument here, two points have been relied upon by counsel for said defendant.

1st. That said defendant does not belong to the army, in such a sense as to come within the inhibition of Section 1860 of the Revised Statutes of the United States, and that he is, therefore, not ineligible to said office.

2d. That though he is ineligible, yet the action cannot be maintained against him on the part of the Territory, for the reason that it is a law of the United States, and not of the Territory, that is being violated.

Let us examine these points; and as a matter of convenience we will discuss the second proposition first.

It is virtually conceded by the argument upon this point, that under the law of the Territory, as it stood prior to the amendment made thereto in 1881, the Territory would have been the proper party plaintiff; but it is contended that the action of the Legislature in so amending said law that it was no longer a violation thereof for an officer on the retired list to hold such office, had so changed the relation of the Territory, that it no longer had any interest in the question; as, if the laws of the United States only were being violated, they, and not the Territory, were the proper party plaintiffs.

But if we concede the entire argument of the defendant upon this question, it would not then appear that said amendment could have any effect upon this cause, for this action was commenced before said amendment was made, and the rights of the parties, as they existed before the enactment of said amendment, were protected by the provisions of the act which contained said amendment.

But in our opinion, said amendment could have no influence upon this case, even if rights had not been protected as above stated, for the reason that said Section 1860 is a part of the organic law of this Territory, and as such of as full force and effect therein as an act of its own Legislature, with the additional sanction that it is beyond the power of said Legislature to change or modify the same. Besides, we think that the Territory has an interest in seeing that its officers are not violators of any law, whether of its own enactment or the enactment of Congress; as the act of the officer would be equally culpable,

whether by holding an office he violated a law of the United States or this Territory.

Again, at the time of the election of the defendant to said office, he was, if he belonged to the army of the United States, ineligible thereto by the laws of the Territory; hence, all votes cast for him were of no effect, and the declaration of his election could confer no rights upon him; and if all laws that rendered him so ineligible were afterwards repealed, such repeal could not in itself validate such election, and confer upon him the right to hold said office, until he had been legally elected or appointed thereto.

We think that the action was properly brought in the name of the Territory, and that no change of the law has been made which can prevent the Territory from prosecuting the same to final judgment.

As to the other question above stated, the language of said Section 1860, so far as it is material to this inquiry, is as follows:

"No person belonging to the army or navy shall be elected to or hold any civil office in any Territory."

Does an officer upon the retired list belong to the army, within the meaning of this section?

Counsel for defendant contends that, in view of the fact that in a statute of later date than the one above quoted, Congress had provided that no officer on the active list should hold any civil office, it thereby showed its intention not to prohibit those upon the retired list from holding any and all civil offices.

But it must be borne in mind that when, at a date long after the original enactment of both of said laws, Congress came to revise them, it treated both as in full force, and reënacted them as a part of the Revised Statutes; one as a part of Section 1860, above quoted, and the other as Section 1222; and the date of such reënactment was long subsequent to the creation of the retired list of the army.

The dates at which these statutes respectively were originally enacted can therefore have little or no force, and we must recognize both as part of the law of the land, unless they are so contradictory that they cannot stand together; and this we cannot hold them to be, for one applies the prohibition to all civil

officers, and the other to those in Territories only. And it would be entirely competent for Congress to adopt one rule as to civil officers in Territories, and a different one as to such officers elsewhere. Besides, we could not hold the more comprehensive section as to Territories to have been repealed by the simple enactment of a more restrictive one, as applicable to the entire body of officers of the army.

The language of Section 1860, above quoted, then, must be considered as entirely unaffected by the other section above referred to, and receive the construction which the words used would in their ordinary signification indicate ; and if the status of officers upon the retired list of the army is such that they must properly and fairly be said to belong to the army, then they, as well as officers on the active list, are within the prohibition prescribed by said section.

It is clear that said officers have not by any act of their own ceased to belong to the army, for many of them are placed on said retired list against their will, and subject to a strong protest on their part ; and it must follow that if they have ceased to belong to the army, it is because Congress has so enacted.

Has Congress done this ? Certainly not in express terms, nor do we think it has by implication; for all that Congress has done is to provide that they shall be relieved from certain duties, and shall be deprived of a portion of the pay of their rank ; and instead of providing that such officers shall not belong to the army, it has, in our opinion, expressly provided that they shall ; for Section 1094 of the Revised Statutes provides that the army shall consist, among other classes, of the officers on the retired list, and that which is thus made a constituent part of the army can hardly be said not to belong to it. Besides, Congress can at any time provide for the return to active duty of all such officers, and this without any act or consent on their part ; and if, as such retired officers, they are not a part of the army, then Congress can, without any consent on their part, transfer a particular body of men from private life to the army, and leave all other classes unaffected by said legislation.

Upon a full consideration of all the statutes upon the subject, we think that officers upon the retired list belong to the army.

Besides, the Supreme Court of the United States, in the case

of the *United States* v. *Tyler*; seems to have decided substantially this question, for Mr. Justice Miller, in deciding said cause, and speaking for the entire Court, rendered the following opinion :

" There is a manifest difference in the two kinds of retirement, namely : retiring from active service, and retiring wholly and altogether from the service."

In the latter case, such reward or compensation as Congress thought proper to bestow, namely, one year's pay and allowance, in addition to what was previously allowed, is given at once, and the connection is ended. In the former case, compensation is continued at a reduced rate, and the connection is continued with a retirement from active service only.

The question is, therefore, whether an officer thus situated is in the service, within the meaning of Sec. 1262.

That section allows an increase of pay for every five years' service.

When the service ends, there can be no increase on that account.

As long as the service continues, the increase pay applies whenever it amounts to five years. The law under which these officers are retired does not require their consent, nor does it require that the order for their retirement shall be based upon any absolute incapacity for further service. It may be based upon age, which being fixed at a miuimum of sixty-two years, by no means implies such incapacity.

It may be based upon wounds received in battle, but the person retired for this cause may for many purposes be a very useful officer.

The provisions of the statutes and their uniform treatment of these officers is conformable to this view, and necessarily implies, that while not required to perform full service, they are a part of the army, and may be assigned to such duty as the laws and regulations permit.

Section 1094 of the Revision designates specifically, by a catalogue of twenty-eight items, of what the army of the United States consists; and the twenty-seventh item of this enumeration is, " The officers of the army on the retired list."

They are then, by law, a part of the army.

Section 1256 enacts that " officers retired from active service shall be entitled to wear the uniform of the rank on which they may be retired."

They shall continue to be borne on the army register, and shall be subject to the rules and articles of war, and to trial by general Court martial for any breach thereof.

Section 1259 declares that they may be assigned to duty at the Soldiers' Home ; and Section 1260, that they may be detailed to serve as professors in any college.

It is impossible to hold that men who are by statute declared to be a part of the army, who may wear its uniform, whose name shall be borne upon its register, who may be assigned by their superior officers to specified duties by detail, as other officers are, who are subject to the rules and articles of war, and may be tried, not by a jury as other citizens are, but by a military Court martial, for any breach of those rules, and who may finally be dismissed on such trial from the service in disgrace, are still not in the military service.

If Congress chose to provide for their qualified relief from active duty, and for-a diminished compensation, it did not discharge them from their other obligations as part of the army of the United States.    *    *    *

We are of opinion that retired officers' are in the military service of the government, and that the increased pay of ten per centum for each five years' service applies to the years so passed in the service after retirement, as well as before.

Much has been said about the hardship of depriving a wounded soldier of an office to which he has been called by the people ; but with this we have nothing to do, as it is our duty to adjudicate the law as we find it, and not to encroach upon the legislative branch of our government by enacting laws to meet the exigencies of particular cases.

It follows from all that has been said, that defendant was and is not eligible to the said office of County Treasurer, of which he was and is in possession ; and that the judgment of *ouster* rendered against him by the District Court must be affirmed, and it is so ordered.